UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AARON H.,<br><br>          Petitioner,<br><br>     v.<br><br>CHRISTOPHER CHESTNUT.,<br><br>          Respondent. | No. 1:26-cv-01232-TLN-SCR<br><br>**ORDER** |

This matter is before the Court on Petitioner Aaron H.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondent filed a response.  (ECF No. 7.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2]  (ECF No. 1.)

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a noncitizen from Sudan who entered the United States on March 28, 2025.

_____

[1]     The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]     On April 15, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release.  (ECF No. 8.)  This Order explains the Court's reasoning.

1

(ECF No. 7 at 2.)  That day, Petitioner was detained and issued an order of expedited removal. (*Id*.)  After Petitioner manifested a fear of returning to Sudan, Petitioner was referred for a credible fear assessment with the United States Citizenship and Immigration Services ("USCIS"), which determined that Petitioner did not possess a credible fear of returning to Sudan.  (*Id*.)  An immigration judge affirmed USCIS's negative credible fear determination on October 6, 2025. (*Id*.)  Petitioner's order of removal became final after the immigration judge's order affirming USCIS's negative fear determination.  (*Id.*)  Immigration and Customs Enforcement ("ICE") has been unable to obtain travel documents for Petitioner for either Sudan or South Sudan and is in process of identifying a third country for removal.  (*Id.* at 2–3.)

On April 7, 2026, Petitioner filed a petition for writ of habeas corpus.  (ECF No. 1.) Petitioner challenges the lawfulness of his detention.  (*Id.*)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal.  533 U.S. 678 (2001).  Although the Government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.  The Court established a burden-shifting

framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months,[3] after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701. "After this 6–month period, once the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Respondent detained Petitioner for a total of 191 days after his final order of removal. Thus, Respondent lost the benefit of the *Zadvydas* presumption. Further, ICE has been unsuccessful in its attempts to procure a travel document for Petitioner for Sudan or South Sudan. Accordingly, Petitioner has met his burden in establishing there is no significant likelihood of removal in the reasonably foreseeable future. As a result, Respondent must produce evidence rebutting Petitioner's showing for his continued detention to be lawful. *See Zadvydas*, 533 U.S. at 701. However, Respondent provides no credible evidence that removal is reasonably foreseeable.

To the extent Respondent argues there is significant likelihood that Petitioner will be removed in the foreseeable future because ICE is "now attempting to identify a third country for removal," the argument is unpersuasive. Respondent has failed to identify a country for removal and has not provided Petitioner with an opportunity to raise a fear-based claim as to the designated country. "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Nguyen v. Scott*, No. 2:25-cv-01398, 2025 WL 2419288, at *18 (W.D. Wash. Aug. 21, 2025) (quoting *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016)).

---

[3] The *Zadvydas* presumptive period "does not reset when the government detains [a non-citizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again." Sied v. Nielsen, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018); see also *Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").

Thus, the Court finds that Petitioner's removal is not reasonably foreseeable and his continued detention is unlawful. Accordingly, the Court GRANTS Petitioner's petition for writ of habeas corpus. (ECF No. 1).

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.    Respondent is ENJOINED AND RESTRAINED from re-detaining Petitioner Aaron H. [A# 221-395-616] unless they obtain a travel document for his removal to Sudan and until they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

3.    Respondent is ENJOINED AND RESTRAINED from removing Petitioner to any country other than Sudan, unless they provide the following process:

    a.  written notice to both Petitioner and Petitioner's counsel in a language Petitioner can understand;

    b.  following the notice, Petitioner must be provided a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal;

    c.  if Petitioner is found to have demonstrated "reasonable fear" of removal to the designated country, Respondent must move to reopen Petitioner's immigration proceedings;

    d.  if Petitioner is not found to have demonstrated a "reasonable fear" of removal to the country, Respondent must afford Petitioner a meaningful opportunity, and a minimum of fifteen days, to seek to reopen his immigration proceedings.

4.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 18, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE